# In the United States Bankruptcy Court for the Southern District of Georgia
## Brunswick Division

FILED at 8 O'clock & 30 min A M
Date August 23, 2005

United States Bankruptcy Court
Savannah, Georgia

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 13 Case |
| JAMES A. THORNTON ) | |
| CHERYL L. THORNTON ) | Number 05-20316 |
| ) | |
| *Debtors* ) | |
| ) | |
| INTERSTATE UNLIMITED ) | |
| FEDERAL CREDIT UNION ) | |
| ) | |
| *Movant* ) | |
| ) | |
| v. ) | |
| ) | |
| JAMES A. THORNTON ) | |
| CHERYL L. THORNTON ) | |
| ) | |
| *Respondents* ) | |

### ORDER ON MOTION FOR RELIEF FROM STAY

Debtors filed this joint Chapter 13 petition on February 28, 2005. On May 23, 2005, Interstate Unlimited Federal Credit Union ("Movant") filed the Motion for Relief from Stay before the Court today. The Court held a hearing on the Motion on July 7, 2005. This Court has jurisdiction over this core proceeding under 28 U.S.C. § 157(b)(2)(G) and enters the following Findings of Fact and Conclusions of Law pursuant to Federal Rule of Bankruptcy Procedure 7052.

%AO 72A
(Rev. 8/82)

## FINDINGS OF FACT

On their Schedule D, Debtors listed Movant as a secured creditor with a claim in the amount of $3,725.00. Movant's claim is secured by credit shares valued at $3,800.00 in Debtors' Schedules. In their original plan, Debtors proposed to pay Movant's claim outside of the plan. On April 8, 2005, Debtors filed a modified plan that proposed to treat Movant's claim as secured and pay it through the plan.

Debtors maintain a deposit account with Movant. On February 28, 2005, the date of filing, Debtors had $828.67 in their account with Movant. After the filing, Debtors continued to use the account normally. At times, the account was overdrawn and Debtors carried a negative balance. On April 22, 2005, Debtors deposited their $3,898.00 tax refund into the account. On May 6, 2005, Debtors had $3,280.00 in the account, and Movant placed an administrative freeze on the account. Movant subsequently released all but $828.67 from the administrative freeze and filed the Motion for Relief before the Court today in order to apply a setoff.

Movant contends that it is entitled to relief from stay in order to setoff Debtors' prepetition debt to it against the assets of the estate existing at the time the petition was filed, specifically, the $828.67 account balance. Debtors reply that Movant is not entitled to relief because the funds that Movant froze on May 6, 2005, were all deposited postpetition.

## CONCLUSIONS OF LAW

In <u>Citizens Bank of Maryland v. Strumpf</u>, 516 U.S. 16, 116 S.Ct 286, 133 L.Ed.2d. 258 (1995), the Supreme Court held that a bank may place an administrative hold or

freeze on a debtor's account in order to protect its setoff rights without violating the automatic stay in bankruptcy. After placing an administrative hold on the account, the bank should promptly move for relief from the automatic stay and the right to setoff. *See* In re Orr, 234 B.R 249, 255 (Bankr. N.D.N.Y. 1999); In re Erickson, 216 B.R. 938, 942 (Bankr. C.D. Ill. 1998).

With certain exceptions, the Bankruptcy Code preserves a creditor's rights to setoff existing under nonbankruptcy law. 11 U.S.C. § 553(a). In order to show that it is entitled to setoff, a creditor must demonstrate not only a right under nonbankruptcy law but also the following:

> 1) the creditor owes a debt to the debtor that arose before the commencement of the case;
>
> 2) the creditor has a claim against the debtor that arose before the commencement of the case; and
>
> 3) the debt and the claim are mutual obligations.

11 U.S.C. § 553(a); United States v. Myers (In re Myers), 362 F.3d 667, 672 (10th Cir. 2004). Simply put, a right to setoff exists when a mutual debt and claim both arise prepetition. In re Myers, 362 F.3d at 672 (citing United States v. Gerth, 991 F.2d 1428, 1431 (8th Cir. 1993)).

It is well settled that setoff applies only to funds deposited into a bank account prepetition. *See* In re Czyzk, 297 B.R. 406, 409 (Bankr. D.N.J. 2003); In re Kleather, 208 B.R. 406, 413 (Bankr. S.D. Ohio 1997). Funds that are deposited into the account postpetition create a postpetition obligation between the bank and the debtor depositor. In re Czyzk, 297 B.R. at 409. These postpetition obligations are not within the plain language of the statute which requires that

AO 72A
(Rev. 8/82)

3

the creditor's claim "arose before the commencement of the case . . . . " 11 U.S.C. § 553(a). Therefore, Movant is "entitled only to setoff those obligations that existed at the time of petition and continue to exist today." In re Kleather, 208 B.R. at 415. This is "measured by the lowest postpetition balance . . . as that is the only prepetition obligation on the account that has not been replaced by postpetition obligations." Id.

In the case before the Court today, Debtors had a postpetition negative account balance before Movant placed the administrative freeze on the account. There were no prepetition funds in the account on the date of the freeze against which the bank could exercise its rights of setoff. In re Schwartz, 213 B.R. 695, 697 (Bankr. S.D. Ohio 1997). It was the postpetition deposit of the tax refund that created a positive account balance on the date of the freeze. Movant's debt to Debtors did not arise prepetition; therefore, Movant is not entitled to exercise any setoff rights against Debtors.

ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Movant's Motion for Relief from Stay in order to exercise its setoff rights is DENIED. Movant is further ordered to release the administrative freeze against Debtors' account.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 19th day of August, 2005.